# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

MARK KENT NOLAN,

      Petitioner-Appellant,

v.

DAYTON POPPEL,

      Respondent-Appellee.

No. 99-6208

**ORDER**

Filed April 19, 2000

Before **TACHA**, **ANDERSON**, and **LUCERO**, Circuit Judges.

Appellant Mark Kent Nolan petitions for rehearing of the court's April 3, 2000 order and judgment, arguing that this court granted him a certificate of appealability on November 16, 1999, and a certificate of appealability should not have been denied subsequently. He also requests appointment of counsel and an opportunity for additional briefing on the appeal.

The petition for rehearing is granted in part. Our original order and judgment is amended to reflect that a certificate of appealability was granted and that petitioner's habeas claims were considered and denied on the merits under

the applicable standard of review.  A copy of the amended order and judgment is attached to this order and is substituted for the original.  The petition for rehearing is otherwise denied.

Entered for the Court

Patrick Fisher, Clerk of Court

By:    Keith Nelson
        Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

APR 19 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK KENT NOLAN,

      Petitioner-Appellant,

v.

DAYTON POPPEL,

      Respondent-Appellee.

No. 99-6208
(D.C. No. 98-CV-787)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA**, **ANDERSON**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Mark Kent Nolan, a prisoner of the State of Oklahoma appearing pro se, appeals from the denial of his petition for habeas relief filed under

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 2254, and seeks leave to proceed on appeal in forma pauperis.     His

application for a certificate of appealability was previously granted and

respondent has filed a response.

Petitioner is serving a thirty-five year sentence imposed after his

conviction of first degree burglary and possession of a firearm after conviction of

a felony.  He argues[1] that:  (1) the charging information was constructively

amended, violating his right to due process; (2) his conviction for first degree

burglary, in light of his acquittal on a charge of assault with a deadly weapon,

violated his right to be free from double jeopardy; (3) evidence from the first

phase of the bifurcated trial was improperly used in the second phase; (4) he was

denied effective assistance of trial counsel; and (5) he was denied effective

assistance of appellate counsel.  The magistrate judge analyzed each of

petitioner's claims and recommended that the petition be dismissed.  The district

court adopted the magistrate judge's recommendation.

Because petitioner filed his § 2254 petition in June 1998, the provisions of

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply.  See

---

[1]     Petitioner also argues that the discrepancy between the charging
information and the proof at trial amounted to a prejudicial variance.  Petitioner
raised this argument for the first time in his objections to the magistrate judge's
report and recommendation.     See R. Doc. 19, at 1.  Accordingly, we deem the
issue waived and do not address it.     See Marshall v. Chater  , 75 F.3d 1421, 1426
(10th Cir. 1996).

Lindh v. Murphy, 521 U.S. 320, 336 (1997). "[W]hen reviewing the merits of a claim already decided by the state courts, we are bound to deny habeas relief unless the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" LaFevers v. Gibson, 182 F.3d 705, 711 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1), (2)). "If the habeas claim before us was not decided on the merits by the state courts, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law de novo and its findings of fact, if any, for clear error." Id.

We have reviewed the magistrate judge's report and recommendation, the district court's order, the parties' materials, and the record on appeal. We find no error. Accordingly, petitioner's motion to proceed on appeal in forma pauperis is granted, and we AFFIRM the denial of habeas relief for substantially the same

reasons as those set forth in the magistrate judge's carefully prepared report and recommendation, as adopted by the district court.

Entered for the Court


Deanell Reece Tacha
Circuit Judge